UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Stacey A. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 24-0457-CDA

Dear Counsel:

On February 15, 2024, Plaintiff Stacey A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 9, 10, 11). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on April 26, 2021, alleging a disability onset of June 1, 2013. Tr. 34, 212-17. Plaintiff's claims were denied initially and on reconsideration. Tr. 90-124, 134-35. On May 3, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 56-89. Following the hearing, on May 22, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 31-51. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on February 15, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Stacey A. v. Dudek*
Civil No. 24-0457-CDA
March 28, 2025
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since April 26, 2021, the application date." Tr. 35. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Chronic Kidney Disease ("CKD"), Chronic Obstructive Pulmonary Disease ("COPD"), Valvular Heart Disease, Depression, Anxiety, and Post-Traumatic Stress Disorder ("PTSD")." Tr. 35. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "Poor Vision, Hyperlipidemia, Hypertension, Eating Disorder, Disorders of the Skeletal Spine (Lumbar DDD), Thyroid Disorder, and Substance Addition Disorders (Alcohol / Drugs)." Tr. 35-36. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 36. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except: She is able to stand/walk up to 4 hours in an 8-hour workday. She is able to sit up to 6 hours in an 8-hour workday. She is occasionally able to climb ramps or stairs and is occasionally able to climb ladders, ropes or scaffolds. She is frequently able to balance, stoop, kneel, crouch or crawl. She must avoid concentrated exposure to fumes, odors, dusts, gases or other pulmonary irritants and must avoid work at unprotected heights or around dangerous moving machinery (i.e. Forklifts). She is able to understand and carry out simple instructions and routine, repetitive tasks. She is able to apply commonsense understanding to carry out detailed, but uninvolved, instructions. She must avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). She is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. She is occasionally able to change activities or work settings during the workday without it being disruptive. She is occasionally able to deal with changes in a

      routine work setting. She is able to have occasional interaction with supervisors, co-workers and/or the general public.

Tr. 39-40. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy. Tr. 44-46. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 46.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g., Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises four arguments on appeal, specifically that the ALJ "failed to adopt crucial limitations assessed" by the generally persuasive medical opinions of Drs. Albright, Bunkley, and Saunsilppongse, and failed to show that Plaintiff was able to perform a significant number of jobs in the national economy. ECF 9, at 7-19; ECF 11, at 1-10. Defendant counters that substantial evidence supports the ALJ's evaluation of the persuasiveness of the medical opinions and the ALJ properly found Plaintiff was able to perform a significant number of jobs in the national economy. ECF 10, at 6-19.

For the reasons explained below, the Court agrees with Plaintiff that the ALJ improperly rejected certain opined limitations in evaluating the RFC. A claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). In cases that reach step five of the sequential evaluation process, an ALJ must pose hypothetical questions to a vocational expert to determine whether the claimant's RFC precludes the claimant from performing jobs existing in substantial numbers in the national economy. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

*Stacey A. v. Dudek*
Civil No. 24-0457-CDA
March 28, 2025
Page 4

Plaintiff argues that "the ALJ failed to incorporate Dr. Albright's crucial limitations into the [RFC] finding and failed to explain why he did not do so." ECF 9, at 7-11. Dr. Albright opined that Plaintiff could: (1) lift and/or carry 10 pounds occasionally and 10 pounds frequently, (2) stand and/or walk 2 hours, (3) sit 6 hours, and (4) balance, stoop, kneel, crouch, and crawl occasionally. ECF 9, at 7-9. In short, this opinion limited Plaintiff to sedentary work. *See* Tr. 43, 115-16. The ALJ found Dr. Albright's opinion—which determined a sedentary exertional capacity—"generally persuasive." Tr. 43. The ALJ noted that based on Plaintiff's "CKD, valvular heart disease with surgery and a second repair surgery, and COPD, [Plaintiff] suffers pain, weakness, and shortness of breath but can still ambulate without an assistive device and can handle most of her daily living on her own." Tr. 43. The ALJ concluded that these "findings are consistent with [Dr. Albright's] findings generally and are supported by the hearing level evidence." Tr. 43. The ALJ found that "a reduction to a reduced light (4 hours of stand/walk) exertional capacity with mostly occasional postural and some environmental limitations is appropriate." Tr. 43.

The ALJ ultimately limited Plaintiff to light work, except she is "able to stand/walk up to 4 hours in an 8-hour workday[,]" "able to climb ramps or stairs and is occasionally able to climb ladders, ropes or scaffolds[,]" and "frequently able to balance, stoop, kneel, crouch or crawl." Tr. 39. While the RFC contains no explicit reference to lifting or carrying, the ALJ made clear that the limitation to "light work" was "as defined in" 20 C.F.R. § 416.967(b). Tr. 39. This statute defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). The ALJ provided no explanation for the RFC's departure from the lifting and carrying limitations opined by Dr. Albright, who the ALJ found "generally persuasive."

To be sure, the ALJ is "not required to accept all of the conclusions and limitations set forth in a medical source opinion." *Calvert v. Kijakazi*, No. 5:21-1358-KDW, 2022 WL 2800907, at *7 (D.S.C. July 18, 2022). SSR 96-8p explains that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8P, 1996 WL 374184, at *7. Here, Dr. Albright opined, among other things, that Plaintiff could only lift and/or carry 10 pounds occasionally and 10 pounds frequently at a sedentary level. Tr. 43, 115. While the ALJ found this opinion persuasive, the ALJ did not explain why these lifting and carrying limitations were not fully incorporated into the RFC. This discrepancy deprives the ALJ's decision of the requisite "logical bridge" between the evidence and the RFC that would allow this Court to trace the ALJ's reasoning. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Internal inconsistencies in the ALJ's decision further frustrate meaningful review. Within the same paragraph evaluating Dr. Albright's opinion, the ALJ evaluated Dr. Schaffzin's opinion. *See* Tr. 43. The ALJ found Dr. Schaffzin's opinion, limiting Plaintiff to a reduced light exertional capacity, "generally persuasive." Tr. 43. As relevant here, Dr. Schaffzin opined that Plaintiff could occasionally lift and/or carry 20 pounds and 10 pounds frequently. Tr. 99. To the extent that the ALJ may have found the limitations opined by Dr. Schaffzin to be more persuasive than those suggested by Dr. Albright, the ALJ was required to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."

*Stacey A. v. Dudek*
Civil No. 24-0457-CDA
March 28, 2025
Page 5

SSR 96-8p, 1996 WL 374184, at *7. Because the ALJ's assessment of Plaintiff's RFC "was internally inconsistent," and the ALJ failed to explain these inconsistencies, the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary. *Rodney G. v. Kijakazi*, No. BAH-22-3007, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citation omitted); *see Mallett v. Berryhill*, No. D-18-0241, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019) (citation omitted) ("An ALJ's opinion that is internally inconsistent frustrates meaningful review and requires remand.").

The Court finds that this error is not harmless. As Plaintiff correctly posits, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, such as an Office Helper (DOT[3] #239.567-010), Marker II (DOT #920.6870126), and Bagger (DOT #920.687-018), all of which are classified as light exertional jobs by the DOT and thus require the worker to lift and carry 20 pounds occasionally. ECF 9, at 10; *see* Tr. 45-46. Upon a proper evaluation of Dr. Albright's opinion, an ALJ may determine that Plaintiff possesses greater physical limitations and may find that Plaintiff lacks the capacity for a reduced range of light work. This finding would affect the RFC assessment and, in turn, Plaintiff's ability to perform jobs existing in significant numbers in the national economy.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Case 1:24-cv-00457-CDA   Document 12   Filed 03/28/25   Page 6 of 6

*Stacey A. v. Dudek*
Civil No. 24-0457-CDA
March 28, 2025
Page 6

## V.    <u>**CONCLUSION**</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge